IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-236 |
| | ) | |
| CHARLES E. ROCHA | ) | |

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Leo M. Dillon, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

**I. THE INDICTMENT**

A Federal Grand Jury returned an 18-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1-18 | Embezzlement from a Labor Organization<br>1/1/08 - 6/17/09 | 29 U.S.C. § 501(c) |

**II. ELEMENTS OF THE OFFENSE**

As to Counts 1-18:

In order for the crime of embezzlement from a labor organization, in violation of 29 U.S.C. § 501(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That the defendant, at the time of the violation charged, was an officer of a labor organization or was employed, directly or indirectly, by a labor organization.

Title 29, United States Code, Section 501(c); <u>United States v. Capanegro</u>, 576 F.2d 973 (2d Cir. 1978), <u>cert. denied</u>, 439 U.S. 928 (1978).

2.  That the labor organization was engaged in an industry affecting interstate commerce.

Title 29, United States Code, Section 402(I); <u>United States v. Silverman</u>, 430 F.2d 106, 111 (2d Cir. 1970).

3.  That the defendant took money or other property of the labor organization, without authorization from the labor organization.

<u>United States v. Stockton</u>, 788 F.2d 210 (4th Cir. 1986); <u>United States v. Harmon</u>, 339 F.2d 354 (6th Cir. 1964), <u>cert. denied</u>, 380 U.S. 944.

4.  That the taking was committed knowingly and with intent to defraud the labor organization.

<u>United States v. Welch</u>, 728 F.2d 1113, 1116, 1118 (8th Cir. 1984); <u>United States v. Thorardson</u>, 646 F.2d 1323, 1334-1337 (9th Cir. 1981).

### III. **PENALTIES**

As to Counts 1-18:   Embezzlement from a Labor Organization (29 U.S.C. § 501(c)):

1.   Individuals - The maximum penalties for individuals are:

(a)   imprisonment of not more than five (5) years (29 U.S.C. § 501(c));

(b)   a fine not more than the greater of;

(1)   $250,000, 18 U.S.C. § 3571(b)(3);

or

(2)   an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process.

(c)   a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)   prohibition from serving as an officer of, or a consultant to, any labor organization, and a variety of other employment prohibitions, for a period of up to thirteen (13) years (29 U.S.C. § 504(a)); and

(e)   any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

### VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

*/s/ Leo M. Dillon*

LEO M. DILLON
Assistant U.S. Attorney
PA ID No. 25806