# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | No. 2:12-cr-00236-MRH |
| | ) | |
| CHARLES ROCHA | ) | |

## SENTENCING MEMORANDUM OF DEFENDANT CHARLES ROCHA

AND NOW comes the defendant, CHARLES ROCHA, through undersigned counsel, and respectfully files this Sentencing Memorandum, addressing factors under 18 U.S.C.Section3553(a) relevant to the Court's consideration and determination of the appropriate sentence in this case.

Defendant is charged in an indictment with violations of 29 U.S.C. Section 501(c) in the approximate amount of $6900.

1. Defendant was arraigned on October 2, 2012 before Magistrate Eddy.

2. Defendant Rocha and the Government entered into a plea agreement, pursuant to which Rocha, on March 20, 2013, entered a plea of guilty to Count 16 of the indictment.

**Sentencing Guideline Calculations: Section 3553(a) and (b)**

3. The parties stipulated to the following under the U.S. Sentencing Guidelines:[1]

    a. Base offense level: 6:

    b. Two level increase for a loss between $5000 and $10,000:

    c. Two level increase for abuse of trust;

    d. Two level decrease for acceptance of responsibility;

    e. Final offense level of 8.

---
[1] See paragraph 7 of the Presentence Investigation Report ("PSI")

4. Criminal History Computation[2]:

    a. Criminal History score of 0:

    b. Criminal History category of I.

5. The guideline range for imprisonment is 0 to 6 months.[3]

6. Guidelines Provisions for fine range: $1000 to $10,000.[4]

7. The parties agree that there is no information which would warrant a departure or variance from the advisory sentencing guidelines. (Also see PSI paragraph 67).

**Factors Pursuant to Section 3553(a):**

8. Section 3553(a)(1): Nature and circumstances of the offense and the history and characteristics of Defendant:

    a. The indictment charges violations(s) of 29 USC Section 501(c) in the amount of $6971.19. The indictment reflects personal charges on a union credit card and falsified/incorrect entries on mileage vouchers.

    b. In an Employment Termination Agreement and Release entered into in December 2009, Rocha was terminated from the United Steelworkers and paid restitution at that time in the amount of $12,449.24.

    c. Rocha is a single parent, having had sole custody and raised his son (now age 22) since the day he was born. (PSI Par. 44).

    d. He has had a stable employment history, working first in manufacturing, and then with the USW from the 1996 to 2009, his last position being as its political director. (PSI par.10). Since that time he has worked with the Blue Green Alliance, and in 2010 set up his own

---

[2] PSI Par. 35.
[3] PSI Par. 56.
[4] PSI Par.64

political consulting firm, whose work and prospects for work have diminished because of this case. (PSI par.49-51).

e. He has no prior criminal record and no record of substance abuse.

f. Attached as Exhibit A-F are character reference letters from six individuals. These were provided to the Department of Labor at its request in order for the department to conduct its investigation into issues under Section 504(b). These letters are from :

- Scott Bates, former Secretary of the Commonwealth of Virginia (A);
- Catherine Duvall (B);
- Roberto Fierro (C);
- Karen Krueger (D);
- Kenneth Michaels (E); and
- Sean Sinclair (F).

9. Section 3553(a)(2): The need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense ;( B)(to afford adequate deterrence to criminal conduct) (C) to protect the client from further crimes of Defendant.

**a.** Rocha lost his job, his reputation, and now has a felony record. His political consulting business has largely cratered because of this case.[5]

---

[5] Counsel does not wish the Court to hold this next comment against my client, nor does counsel wish to minimize the serious of violations under this statute but it reflects a larger public policy question that has been raised in US Senate hearings. How are we to promote respect for the law when the HSBC Bank receives pretrial diversion for one billion dollars in money laundering for a Mexican drug cartel, Al Queda, and an Iranian Bank while people in Rocha's situation are denied admission into the Pretrial Diversion program?

The US Sentencing Guidelines provide the appropriate range for punishments in this case. In terms of adequate deterrence, Rocha has also lost virtually all of his labor union related work because of this case, even without any sanction formally imposed under Section 504(b). The victim impact statement submitted by the USWA in this matter indicates it has no objection to the court imposing less than the full range of criminal sanctions in this matter.

10. Sections 3553(a)(3) and (4): The kinds of sentences available and the kinds of sentencing range established.

   a. See paragraphs 3 through 7 above, the parties agree with the PSI Report and each other on this matter, imprisonment is not required.

   b. There is an issue with respect to the statutory bar under 29 USC section 504 that will be addressed in a motion filed at the same time as this memorandum

11. Section 3553(a)(5) –any pertinent policy statement—(A) issued by the Sentencing Commission

   a. See USSG Section 2J1.1 which in relevant part addresses the Section 504 disability issue(s).

12. Section 18 USC section 3553*(a)(6) the need to avoid unwarranted sentencing disparities among defendants with similar records.

   a. For violations of this statute defendant is unaware of any cases in this judicial district involving similar facts which resulted in non-guideline sentences.

13. 18 USSC Section 3553(a)(6)-the need to provide restitution to victims of the offense.

    a. Restitution was paid in full at the time of his termination from the USWA in December of 2009. (PSR par.65).

14. The parties are in agreement that an evidentiary hearing is not required on any matter prior to sentencing.

WHEREFORE, Defendant Rocha respectfully requests this court impose a guidelines range sentence that includes:

    a. Probation in a length to be set by this Court;

    b. A fine in the lower end of the guidelines;

    c. A special assessment of $100;

    d. Such other terms and conditions as this Court deems just and proper.

Date: July 25, 2013

`

Respectfully Submitted,

Healey & Hornack, P.C.

/s/ Michael J. Healey  
Michael Healey  
PA. I.D.No.27283  
436 7th Avenue, Suite 2901  
Koppers Building  
Pittsburgh, PA. 15219

mike@unionlawyers.net  
Tel: 412-391-7711  
Fax: 412-281-9509

*Attorney for Defendant Charles Rocha*